IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER DAVIS,

     Petitioner,

v.                                     CASE NO. 4:08-cv-00334-MP-WCS

WALTER MCNEIL,

     Respondent.

_____/

**O R D E R**

     This matter is before the Court on Doc. 28, a thirty-three page Report and Recommendation of the Magistrate Judge, recommending that the petitioner under 28 U.S.C. § 2254 be denied with prejudice. The time for filing objections has passed, and none have been filed.  After considering the thorough and well reasoned Report and Recommendation, the Court agrees that the § 2254 petition should be denied.

     Petitioner was convicted of attempted first degree murder with a weapon and two counts of aggravated battery based on an episode where he attacked his girlfriend, her daughter and her daughter's boyfriend with a baseball bat.  In his amended petition, Doc. 10, petitioner asserts two grounds that he is being held in custody in violation of the Constitution, law or treaties of the United States, both based on ineffective assistance of counsel.

     First, he claims that his counsel failed to conduct an adequate pretrial investigation into petitioner's "organic mental condition" which he alleges was caused by childhood trauma to his head and which he claims causes him to lapse into uncontrollable fits of anger.   Petitioner therefore asserts that counsel should have investigated this condition and used it to support a "diminished capacity / temporary insanity and /or insanity defense."  Doc. 10 p. 7.   As

described extensively in the Report and Recommendation, however, this claim fails for several reasons.

As an initial matter, the undersigned agrees that petitioner did not properly raise this issue in the state courts. The record is clear that counsel did, in fact, conduct a pretrial investigation of this condition with regard to competency to stand trial and with regard to his sanity at the time of the crime. A defense mental health expert was retained, spent six hours examining petitioner, and submitted a five-page report to defense counsel. Despite this, petitioner, in his state collateral motions, argued that no examination at all had occurred – and not that the examination had occurred but was insufficient or that based on the examination his counsel should have asserted a certain defense. Thus, the state courts have not had the opportunity to fully consider these arguments.

Also, insofar as petitioner urges that counsel should have pursued a diminished capacity argument, the Court agrees that under Florida law a mental condition that does not rise to the level of insanity cannot be used as a defense to negate intent. Report and Recommendation, p. 22-24, citing Evans v. State, 946 So. 2d 1, 11 (Fla. 2006) and Owen v. State, 986 So. 2d 534, 546 (Fla. 2008). The results of the psychological exam, set out extensively by the Magistrate Judge on pages 24-28, reveal that petitioner was competent to stand trial and, at the time of the offense, suffered no mental infirmity, disease or defect which rendered him incapable from distinguishing between right and wrong. Thus, counsel was not ineffective for choosing to forego an insanity defense that would have been rejected.

Petitioner's second ground for relief fares no better. In his second ground, he argued that counsel failed to file a motion for a new trial based on petitioner's view that the jury failed to make a specific finding (a) that great bodily harm occurred, for count two, and (b) that the bat

constituted a deadly weapon, for count three.  With regard to count two, great bodily harm is not

always required under Florida law to prove aggravated battery.  If any one of three factors – 1)

the victim is pregnant, 2) a deadly weapon was used or 3) great bodily harm was knowingly

caused – is found, the jury can convict on aggravated battery.  Here, the jury instructions in this

case did require the jury to find in count two that petitioner knowingly caused great bodily harm

or that petitioner knew or should have known that the victim was pregnant.  Ample evidence

existed to support that petitioner knew the victim was pregnant, and also that the bat was a

deadly weapon.  Thus, even if it were error for counsel to fail to object to the instructions or to

later seek a new trial based on them, such error does not meet the prejudice prong of Strickland

v. Washington, 466 U.S. 668 (1984).

Finally, the instructions in count three specifically required the jury to find that the bat

was a deadly weapon without the intent to kill. Thus, the finding of guilty on that count included

a finding on this element.  Counsel was not ineffective in declining to seek a new trial based on

these instructions.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge is adopted and
    incorporated herein.

2.  The § 2254 petition for writ of habeas corpus, challenging the judgment and
    sentence imposed on Petitioner Walter Davis by the Circuit Court in Gadsden
    County, case number 03-844- CF-A, is **DENIED WITH PREJUDICE**.

**DONE AND ORDERED** this _17th_ day of June, 2011

_____*s/Maurice M. Paul*_____

Maurice M. Paul, Senior District Judge